Filed 6/9/21  P. v. Albarran CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077893 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. INF060734) |
| MARCOS ANTONIO ALBARRAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

In 2013, a jury convicted Marcos Antonio Albarran of first degree murder (Pen. Code,[1] § 187, subd. (a)) and attempted murder (§§ 664 & 187, subd. (a)), among other offenses. Albarran appealed and this court reversed the judgment in an unpublished opinion. (*People v. Albarran* (July 6, 2015, D067418) [nonpub. opn.].) The case was remanded to the superior court.

On remand, Albarran entered into a plea agreement under which he pleaded guilty to one count of voluntary manslaughter for the benefit of a street gang. (§§ 192 & 186.22, subd. (b).) He also admitted three counts of attempted murder. (§§ 187 & 664.) Albarran was sentenced to a determinate term of 16 years in prison.

In June 2020, Albarran filed a pro. per. petition for resentencing under section 1170.95. Although he was not convicted of murder, he contended he was still entitled to resentencing. The trial court denied the petition, finding Albarran's convictions for manslaughter and attempted murder did not qualify him for relief under section 1170.95.

Albarran appeals, contending his convictions for manslaughter and attempted murder are eligible for resentencing because he was originally prosecuted under theories of felony murder and natural and probable consequences. His briefs on appeal acknowledge existing case law is virtually unanimous that the essential predicate for relief under this particular statute is a conviction for either first or second degree murder. He contends that all of the cases reaching such conclusions were wrongly decided. We will reject Albarran's arguments and follow the cases from this court and others which have soundly rejected his arguments and affirm.

---

[1]     All further statutory references are to the Penal Code.

DISCUSSION

I

The Manslaughter Conviction

Senate Bill No. 1437 "was enacted 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*).)

Section 1170.95 was created to permit defendants convicted of felony murder or murder under a natural and probable consequences theory to file a petition for resentencing to have the murder conviction vacated and to be resentenced on any remaining counts. (§ 1170.95, subd. (a).)

The beginning point of the analysis of Senate Bill No. 1437 is that the defendant must have been convicted of murder or by plea in a case prosecuted on a felony murder or natural consequences theory. (*Martinez*, *supra*, 31 Cal.App.5th at p. 723.) In this case Albarran was not convicted of murder, and his conviction did not arise from an offense where malice is an element of the crime. Thus, Albarran is not a person aggrieved by the former methods of proving malice that the Legislature has now rejected.

The arguments that the statute applies to persons convicted of manslaughter after being charged with murder or that the failure to apply the statute to manslaughter convictions would violate equal protection have been soundly rejected by the courts of appeal, including the following cases: 1) *People v. Harris* (2021) 60 Cal.App.5th 557, 565-571 [Fourth Appellate District, Division Two]; 2) *People v. Sanchez* (2020) 48 Cal.App.5th 914, 916, 918-921 [Fourth Appellate District, Division Two]; 3) *People v. Paige* (2020)

3

51 Cal.App.5th 194, 197-198 [First Appellate District, Division Two];
4) *People v. Turner* (2020) 45 Cal.App.5th 428, 435-439 (*Turner*) [Fourth Appellate District, Division One]; 5) *People v. Flores* (2020) 44 Cal.App.5th 985, 992-997 [Fourth Appellate District, Division One]; and 6) *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887-888 [Second Appellate District, Division Six].

We have reviewed the cases listed above, all of which have rejected all of Albarran's arguments.  We agree with the analysis in each of the cases.

In *Turner*, *supra*, 45 Cal.App.5th at pages 435 through 439, this court analyzed the arguments that are now presented in this appeal.  We carefully considered the same arguments and found them to not be persuasive.  We continue to hold to the views we expressed in *Turner*.  For the reasons set forth in *Turner*, we once again hold that a person convicted by plea of voluntary manslaughter is not eligible for resentencing under section 1170.95.  We further hold that denial of eligibility for relief to persons convicted of voluntary manslaughter does not violate equal protection.

II

The Attempted Murder Convictions

Senate Bill No. 1437 substantially modifies the definitions on malice in murder cases.  It alters the definitions as far as they involve aiders and abettors who are prosecuted under felony murder.  (See §§ 188 and 189.) While new definitions of malice affect current prosecutions that are not final on appeal, the new remedy for past convictions under section 1170.95 applies only to persons who were previously convicted of murder.  (*People v. Munoz* (2019) 39 Cal.App.5th 738, 753, review granted Nov. 26, 2019, S258234; *People v. Dennis* (2020) 47 Cal.App.5th 838, 844-847, review granted July 29, 2020, S262184; *People v. Sanchez* (2020) 46 Cal.App.5th 637, 642-644, review

4

granted June 10, 2020, S261768; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 222.)

There are some differences between the courts on the issue of the impact of the changes in definitions of malice on non-final cases, but the appellate courts have been in agreement that section 1170.95 does not provide relief for persons convicted of only attempted murder.

Our Supreme Court has granted review in a number of cases to determine the effect of Senate Bill No. 1437 on the elements of attempted murder. The court has framed the issue as "Does Senate Bill No. 1437 (Stats. 2018, ch. 1015) apply to attempted murder liability under the natural and probable consequences doctrine?" (*People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted Nov. 13, 2019, S258175.)

Given the number of courts which have rejected Albarran's arguments, including this court, we will not revisit the discussions from those cases. Suffice that we agree with the unanimous rejections of the arguments Albarran makes here. For the reasons stated in the multiple opinions, we again reject the contentions and find the trial court correctly found Albarran was not entitled to relief under section 1170.95.

## DISPOSITION

The order denying Albarran's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.

6